UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OLA BATTLE,

              Plaintiff,

    v.                                            **ORDER**
                                                  11-CV-624S

DAVID CARROLL and HART HOTELS, INC.,

              Defendants.

      1.      On October 26, 2011, United States Magistrate Judge Hugh B. Scott issued a scheduling order in this case. In it, he ordered that dispositive motions be filed by July 25, 2012. (Docket No. 13.) No dispositive motions were filed.

      2.      On September 5, 2012, however, *pro se* Plaintiff, Ola Battle, filed a motion to extend the time for dispositive motions, and, contemporaneously, filed a "motion for judgment on the pleadings/motion for default judgment." (Docket No. 23.) Despite its name, the content of the motion suggests that Battle is moving for summary judgment. Indeed, she points out numerous "facts not in dispute" and argues that, based on those facts, judgment in her favor is warranted.

      3.      Battle, a former employee of Defendant Hart Hotels, Inc., was fired during a confrontation in which her supervisor, Defendant David Carroll, allegedly said that he was "sick of trying to help you people and you're never satisfied." Battle, who is black, alleges that Carroll was referring to black people when he released her and that his decision was motivated by racial animus. She also alleges that Carroll refused to address issues that she raised, but that he did resolve issues raised by white employees.

      4.      Putting aside the untimeliness of the motion and considering it on its merits,

this Court finds that it should be denied because there is at least one genuine issue of material fact. See Fed. R. Civ. P. 56 ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Specifically, Carroll's motivation for firing Battle – whether inspired by racial animus or legitimate reasons –  is an issue for the fact-finder. See Montana v. First Fed. Sav. & Loan Ass'n of Rochester, 869 F.2d 100, 103 (2d. Cir. 1989) ("[S]ummary judgment is ordinarily inappropriate where intent and state of mind are at issue."). Indeed, the evidence suggests that Carroll and Battle have differing interpretations of the confrontation that led to Battle's release. Carroll contends that he fired Battle because she used profanity and was generally insubordinate. Battle concedes that she swore at him, but insists that she did so only after he fired her. She contends that Carroll's true motivation was race. The resolution of this dispute requires the finding of facts. See Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir.1997) ("Credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.").

Battle's motions are therefore denied.

****

IT HEREBY IS ORDERED, that Plaintiff's motion to extend the deadline for dispositive motions (Docket No. 22) is DENIED.

FURTHER, that Plaintiff's "motion for judgment on the pleadings/motion for default judgment" (Docket No. 23) is DENIED.

FURTHER, due to Plaintiff's confusion regarding  Judge Scott's October 26, 2011 Scheduling Order, the final pre-trial conference, scheduled for October 4, 2012, shall be

2

converted into a status conference. Plaintiff must appear before Chief Judge Skretny on that date.

SO ORDERED.

Dated:   September 19, 2012
              Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court